IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) RONALD L. JOHNSON, § § § Plaintiff, § § vs. § § (1) AMAZON.COM SERVICES, LLC § d/b/a AMAZON FC, § § Defendant. § § | C.A. NO.  CIV-21-803-JD<br><br>Removed from the District Court of Oklahoma County, Oklahoma Case No. CJ-2021-3142 |

## DEFENDANT AMAZON.COM SERVICES, LLC, D/B/A AMAZON FC'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, Defendant Amazon.com Services, LLC d/b/a Amazon FC ("Amazon") files this notice to remove the above-captioned action from Oklahoma County, Oklahoma, to the United States District Court for the Western District of Oklahoma based on the existence of a federal question and diversity jurisdiction. Amazon respectfully shows the Court as follows:

## I.
## BACKGROUND AND PROCEDURAL PREREQUISITES

1.  On July 27, 2021, Plaintiff Ronald L. Johnson ("Johnson") initiated an action in The District of Oklahoma County, State of Oklahoma by filing a Petition captioned *Ronald L. Johnson v. Amazon.com Services, LLC d/b/a Amazon FC*. The Court designated Johnson's action as Cause No. CJ-2021-3142 (hereinafter, the "State Court Proceeding"). *See* Plaintiff's Petition, attached hereto as Exhibit 1. Removal is proper to this federal district and division because the original action occurred in and embraces Oklahoma County, Oklahoma. *See* 28 U.S.C. § 116(c).

2.      Defendant was served with a copy of Johnson's Petition on August 2, 2021. Thus, this Notice of Removal is timely filed. 28 U.S.C. § 1446(b). *See* Original Summons and Service of Process, attached hereto as Exhibit 2.

3.      As required by Local Rule 7.1.1, Defendant is concurrently filing a separate "Disclosure Statement Identifying Constituents of LLC or Partnership," identifying Defendant's LLC's members or the partnership's partners, as applicable.

4.      Pursuant to 28 U.S.C. § 1446(a), and Local Rule 81.2, a copy of all process, pleadings, and orders in the State Court Proceeding, along with a copy of the State Court docket sheet, is attached hereto and incorporated herein by reference. *See* Exhibit(s) 3.

5.      As required by 28 U.S.C. § 1446(d), a Notice to the State Court of Filing of Notice of Removal, together with a copy of this Notice of Removal, is being promptly filed with the District Court of Oklahoma County, Oklahoma and served on Johnson. A true and correct copy of the "Notice to State Court of Filing Notice of Removal" (without exhibits), to be filed with the District Court of Oklahoma County, Oklahoma, is attached hereto as Exhibit 4.

## II.
## FEDERAL QUESTION JURISDICTION EXISTS

6.      In Johnson's Petition, he asserts two causes of action (1) discrimination on the basis of gender in violation of Title VII of the Civil Rights Act ("Title VII") and (2) discrimination on the basis of gender in violation of the Oklahoma Anti-Discrimination Act. *See generally* Exhibit 1, Petition.

7.      This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one that may be removed to this court by Defendant pursuant to provisions of 28 U.S.C. § 1441. Removal is appropriate because Plaintiff's Petition raises a federal question, specifically, gender discrimination under Title VII.

8. With respect to the causes of action that may be considered separate and independent from those arising under federal law, they are also removable under 28 U.S.C. § 1441. This Court has jurisdiction over Plaintiff's state law claims pursuant to the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367(a) as they are so related to the federal claims as to form part of the same case or controversy under Article III of the U.S. Constitution. Thus, this action is removable in its entirety.

### III.
### DIVERSITY JURISDICTION

9. Diversity jurisdiction exists in a civil matter where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different states. *Id.* at § 1332(a)(1). Both of the requirements for diversity jurisdiction are met in this case.

10. Plaintiff was at the time this action was commenced, and is currently, a resident of Multnomah County, Oregon. *See* Plaintiff's Petition at ¶ 1.

11. Amazon.com Services LLC's only member is Amazon.com Inc. which is a citizen of Delaware (state of incorporation) and the state of Washington (principal place of business).

12. As required by Local Rule 7.1.1, Defendant affirmatively states that none of its members or partners are citizens of Oregon, Plaintiff's alleged state of citizenship.

13. Thus, there is diversity of citizenship between Plaintiff and Defendant. *See Hertz Corp. v. Friend,* 559 U.S. 77, 93-97 (2010). This suit is between citizens of different states and removal is proper under 28 U.S.C. § 1446.

14. Diversity jurisdiction under 28 U.S.C. § 1332(a) also requires the amount in controversy, exclusive of interest and costs, be in excess of $75,000.

15.     The amount in controversy is determined by considering the amount Plaintiff's allegations suggest he *might* lawfully recover. *See Hammond v. Stamps.com, Inc.*, 844 F.3d 909, 911-12 (10th Cir. 2016).

16.     In order to show the amount in controversy exceeds $75,000, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 94 (2014). This language "tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Id.* at 87. Thus, courts should apply "the same liberal rules [to removal allegations] that are applied to other matters of pleading," and the notice of removal "need not contain evidentiary submissions." *Id.* at 84. As the Supreme Court has explained, "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id*. at 89.

17.     Johnson's Petition alleges that Amazon illegally terminated his employment in violation of state and federal laws preventing discrimination on the basis of gender. *See* Exhibit 1, Petition, ¶¶ 27, 31.

18.     As a result of Amazon's allegedly wrongful conduct, Johnson claims that he has suffered significant damages including the loss of his employment and income. Specifically, Johnson seeks front pay, back pay, value of lost benefits, emotional distress, and punitive damages. *See* Exhibit 1, Petition ¶¶ 24, 28-29, and 32.  Johnson may possibly recover each category of damages he is seeking under the claims he has asserted in his Petition, and each of these categories must be considered and included for the purposes of calculating the amount in controversy. *See Woodmen of the World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003).

19. Johnson's Petition specifically provides that Plaintiff seeks front pay, back pay, value of lost benefits, emotional distress, and punitive damages *See* Exhibit 1, Petition ¶¶ 24, 28-29, and 32. It is therefore 'more likely than not' that the amount in controversy will exceed $75,000. *See, e.g., McPhail v. Deere & Co.,* 529 F.3d 947, 954 (10th Cir. 2008). *See McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008) (defendant must only demonstrate jurisdictional facts that make it "possible" that the amount in controversy is satisfied). Accordingly, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

WHEREFORE, Amazon effects removal of this action from the District Court of Oklahoma County, Oklahoma, to the United States District Court for the Western District of Oklahoma.

Dated August 16, 2021               Respectfully submitted,

/s/ Steven L. Rahhal
Steven L. Rahhal
OBA No. 12445
jrector@littler.com

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201-2931
214.880.8100
214.880.0181 (Facsimile)

ATTORNEYS FOR DEFENDANT
AMAZON.COM SERVICES, LLC
D/B/A AMAZON FC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 16th day of August 2021, a true and correct copy of the foregoing document was electronically filed the Clerk of the Court. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the Electronic Case Filing System:

Brandon D. Roberts
HAMMONS, HURST & ASSOCIATES
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102

*/s/ Steven L. Rahhal*
Steven L. Rahhal

4848-9160-8053.1 / 090069-1000