# EXHIBIT 3



CJ21 3142

Timmons

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JUL 2 7 2021

RICK WARREN
COURT CLERK
127_____

IN THE DISTRICT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

1. RONALD L. JOHNSON, )
   )
   Plaintiff, ) Case No. CJ-2021
   )
v. ) JURY TRIAL DEMANDED
   ) ATTORNEY LIEN CLAIMED
1. AMAZON.COM SERVICES, LLC, d/b/a ) CJ-2021-3142
   AMAZON FC )
   )
   Defendant. )

## PETITION

**COMES NOW THE PLAINTIFF,** Ronald L. Johnson, and hereby pleads his claims as follows:

### PARTIES

1. The Plaintiff is Ronald L. Johnson, an adult resident of Multnomah County, Oregon.

2. The Defendant is Amazon.com Services, LLC d/b/a Amazon FC, a foreign limited liability corporation doing business in Oklahoma County, Oklahoma.

### VENUE

3. Plaintiff's claims are for gender discrimination in violation of Title VII of the Civil Rights Act and Oklahoma's Anti-Discrimination Act.

4. The conduct giving rise to this action occurred in Oklahoma County, Oklahoma, such that venue is proper in Oklahoma County, Oklahoma.

### STATEMENT OF FACTS

5. Defendant employed at least fifteen employees for each of twenty (20) or more calendar weeks in the current or proceeding calendar year and is an employer under

1

Title VII. There is no minimum employee requirement to be subject to the provisions of the OADA.

6. Defendant holds itself out as Plaintiff's employer on his W-2 Forms, paystubs, and termination documents.

7. Plaintiff is an adult male who became employed with Defendant on or around May 28, 2020.

8. Plaintiff worked in the position of Warehouse employee until his termination on or around August 10, 2020.

9. During all periods of employment, Plaintiff was qualified for his job and performed satisfactorily.

10. During the first few weeks of Plaintiff's employment with Defendant, he began a romantic relationship with another coworker, Aqueela Gardner. This relationship continued throughout the entirety of Plaintiff's employment with Defendant.

11. Plaintiff and Ms. Gardner regularly carpooled to and from work together and communicated via text message on a daily basis. Such text message communications included both Plaintiff and Ms. Gardner professing their love for one another, discussing their relationship, and referring to each other as "hubby" and "wifey".

12. Plaintiff and Ms. Gardner additionally held themselves out as being in a relationship within the workplace. This included taking their breaks together, holding hands, arriving to work together and leaving from work together, and engaging in other displays of affection such as kissing on the cheek.

13. Plaintiff was aware of other coworkers who themselves were in relationships and engaged in conduct similar to that described in para. 12, above. To Plaintiff's knowledge, none of these employees were ever terminated or otherwise disciplined for engaging in such conduct.

14. Plaintiff and Ms. Gardner additionally spent significant time with one another outside of the workplace, including Ms. Gardner coming to Plaintiff's mother's apartment to socialize with Plaintiff and meet Plaintiff's mother.

15. On or about August 9, 2020, while Plaintiff was at work, Ms. Gardner messaged Plaintiff stating that she felt she was about to experience a seizure.

16. Plaintiff, being aware that Ms. Gardner suffered from a seizure-causing medical condition, went to the area that Ms. Gardner was located within Defendant's facility in order to provide assistance and contact medical help.

17. Plaintiff stayed with Ms. Gardner while she was receiving medical attention and explained to those present that Ms. Gardner and Plaintiff were in a relationship. Once Plaintiff had been assured that Ms. Gardner was in stable condition, he departed from the facility.

18. On or about August 10, 2020, Plaintiff received an e-mail from Defendant titled "Notice of Termination" stating that he was being terminated effective immediately.

19. The stated reason for the Plaintiff's termination was that subsequent to Ms. Gardner's medical emergency, Ms. Gardner had allegedly reported that she did not feel safe in Plaintiff's presence. Plaintiff's termination notice accused Plaintiff of violating Defendant's policies regarding sexual harassment.

20. Prior to Plaintiff's termination, Plaintiff had never been confronted with the allegations as described in paragraph 19, above, had never been interviewed or questioned regarding such allegations, and had never been given an opportunity to respond to or otherwise rebut such allegations.

21. The allegations made by Ms. Gardner, as set out in paragraph 19, above, were not true, as Plaintiff and Ms. Gardner were actively in a relationship at the time of Ms. Gardner's on-the-job seizure on August 9, 2020, and Ms. Gardner had never indicated otherwise to Plaintiff.

22. Defendant's decision to terminate Plaintiff on the basis of the allegations made against him by a female coworker, without having conducted an investigation into such allegations (including by failing to confront, interview, and/or question the Plaintiff about such allegations) prior to his termination, reflects a gender bias against Plaintiff as a male and amounts to discrimination on the basis of gender.

23. Plaintiff's job duties continued to exist after his termination.

24. As a direct result of the Defendant's conduct, Plaintiff has suffered, and continues to suffer, wage loss (including back, present, and front pay along with the value of benefits associated with such wages) as well as emotional distress/dignitary harm, including worry, frustration, sadness, and similar unpleasant emotions.

25. At the least, significant factors in the decision to terminate Plaintiff included his gender.

26. Plaintiff has exhausted his administrative remedies by timely filing an EEOC charge of discrimination on October 19, 2020. The EEOC issued Plaintiff's right to sue

letter on May 28, 2021, and Plaintiff received such letter thereafter. This petition is timely filed within ninety (90) days of Plaintiff receiving his right to sue letter.

## COUNT I

Plaintiff incorporates the above allegations and further alleges:

27. Discrimination on the basis of gender violates Title VII of the Civil Rights Act.

28. Under this Count, Plaintiff is entitled to his wage loss (including back, present, and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm damages.

29. Because Defendant's conduct was willful or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to an award of punitive damages under Title VII.

30. Plaintiff is also entitled to an award of attorneys' fees and costs.

## COUNT II

Plaintiff incorporates the above allegations and further alleges:

31. Discrimination on the basis of gender violates Oklahoma's Anti-Discrimination Act.

32. Under this County, Plaintiff is entitled to his wage and benefit loss, as well as an equal amount of liquidated damages.

33. Plaintiff is entitled to an award of attorneys' fees and costs.

## PRAYER

**WHEREFORE**, Plaintiff requests this Court enter judgment in his favor and against the Defendant(s) and grant him all compensatory damages suffered, together with

all damages, attorneys' fees, costs and interest and such other legal and equitable relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED THIS 27th DAY OF JULY 2021.**

HAMMONS, HURST & ASSOCIATES

Mark E. Hammons, OBA No. 3784
Amber L. Hurst OBA No. 21231
Brandon D. Roberts OBA No. 34012
HAMMONS, HURST & ASSOCIATES
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Email: brandon@hammonslaw.com
*Counsel for Plaintiff*